## Case No. 7,602.

### The KALOOLAH.

[Brown, Adm. 55.] [1]

District Court, D. Michigan. March, 1861.

PRACTICE—PETITION TO SET ASIDE SALE.

1. A vessel, bought with the money of C., was enrolled in the name of M., as owner and master, he agreeing to hold her in trust for C. until all his advances had been repaid. While in the hands of M., who was navigating her for charterers, she was attached, condemned, and sold at marshal's sale, without the knowledge of C., and was bid in by the charterers. Upon learning of the sale, C. came into court, filed his petition for the remnants, and six weeks afterwards withdrew this, and filed another praying that the sale and decree of condemnation might be set aside, and he permitted to intervene and defend. The vessel in the mean time had been delivered to the purchasers, who had taken her to Canada and repaired her, and the claims upon which she was libelled had been paid. Petition denied.

2. A simple allegation of fraud in a petition to set aside a sale, without setting forth the facts which constitute the fraud, is insufficient.

On petition of Hector Cameron, of Toronto, Canada, that the sale of the Kaloolah be set aside; that certain decrees, upon which she had been sold, be vacated, and that he be permitted to intervene and defend. The petition set forth that prior to the seizure of the Kaloolah, she was enrolled at the port of Detroit, in the name of one McGregor, who was her owner, but that she had been originally purchased with petitioner's money; that he also expended large amounts of money for her outfit, under an agreement with McGregor, that he should have a lien for all moneys so expended. That in January, A. D., 1859, McGregor had executed to petitioner a declaration reciting the above facts, and agreeing to hold the vessel in trust, for petitioner, until these advances had been repaid, and empowering petitioner to sell, mortgage, or otherwise dispose of her as he might see fit, McGregor also depositing with petitioner her original certificate of enrollment. That she continued in possession of McGregor, who navigated her under the directions of petitioner until July, when she was chartered to Van Every & Rumball, of Goderich, Canada for the residue of the season, and that she continued to run in their employ, McGregor continuing as master until the close of navigation, when she was laid up at Saginaw, Michigan. That in October, 1859, she was libelled by one Wilson, for repairs put upon her; that immediately upon her seizure, Van Every & Rumball paid to the marshal the amount of the claim, but continued to prosecute the suit for their own benefit. That petitioner was informed the suit had been settled, and did not learn of its further prosecution until after the vessel had been sold. That McGregor, the legal owner, was taken sick soon after the commencement of the suit, and died on Jan. 3, 1860.

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

That petitioner was not informed of the contemplated sale until the day it took place, when he at once telegraphed to Detroit to have it postponed, but his message did not reach there until two hours after the sale had taken place. That he came to Dertoit, on Jan. 1, 1860, and there learned that she had been sold, and that Van Every & Rumball had become the purchasers at less than one-half her fair value, and less than they had offered him for a half interest. That the sail to Van Every & Rumball was fraudulent and void, for the reason that they had kept the contemplated sale concealed from petitioner; had caused the suit to be prosecuted for their own benefit, after the claim had been paid, and in violation of their charter party, had failed to redeliver her as they should have done. That after the sale, petitioner was informed that intervening libels had been filed against her, upon claims, some of which were not liens, and of the justice of all of which he was wholly ignorant. That among the rest, Van Every & Rumball had themselves obtained a decree for $2,085, upon a claim unjust in point of fact, and which did not constitute a lien as matter of law. The petition closed with a prayer that the sale might be set aside; that all the decrees might be opened, and petitioner might be permitted to appear and contest them. Van Every & Rumball interposed an exception to this petition in the nature of a general demurrer; also claiming that petitioner was concluded by his delay; that he did not offer to pay into court the amount paid for the Kaloolah upon the sale; that the steamer had been removed from the jurisdiction of the court, and that the greater portion of the purchase money had been paid to the libellants, most of whom were residents of Canada, as appeared from the record of the case.

H. D. Terry. for petitioner.
W. A. Moore, for respondents.

WILKINS. District Judge. Libels were filed against the Kaloolah, in October, 1859, for supplies and materials. At this time, one J. C. McGregor, now deceased, was her master and owner, and as such, he was cited to appear and answer these libels. All the proceedings in the case, from the service of the process to the confirmation of the sale are perfectly regular and unobjectionable. The vessel sold for upwards of $5,000. An order of distribution was made. All the claims on file were paid. leaving a surplus in the registry of more than $2,000. On the 30th of December, two days subsequent to the confirmation of the sale and order of distribution. Capt. McGregor filed his sworn petition, alleging his sole ownership, and claiming the surplus proceeds. Two days afterwards he died at the Marine Hospital in this city. The second day following his death, the petitioner, Cameron, came into court, and without objecting to the sale or confirmation, asked leave to file his petition for the surplus proceeds. Time was given him, and subsequently at his request enlarged, to prepare such petition, without the slightest intimation on his part of any intention to disturb the sale. The whole proceedings had been terminated by the final decree of this court; the vessel had passed into the possession of the purchaser, and all the purchase money, except the surplus in the registry, had been distributed among the several libellants. Of all these facts the petitioner had knowledge. Now, unless there was fraud or collusion between McGregor and the purchaser at the sale, the court could not at this late day entertain a motion to set aside and annul these proceedings. The petition of Cameron represents him simply as a creditor of McGregor, having a lien upon the vessel. It concedes the important fact that McGregor was the legal owner, and that the Kaloolah was enrolled and licensed for the coasting trade at the port of Detroit, and in conclusion, abandons his claim upon the remnants, and prays that the sale and all the other proceedings had in the case be set aside, and he, as part owner, be admitted to contest claims which had been allowed and paid more than a month before. To this petition exceptions were filed by the proctor for Van Every & Rumball, which I consider well taken.

A simple allegation of fraud in a petition to set aside a sale, without setting forth the facts which constitute the fraud, is not sufficient to justify a postponement for proofs. The facts and circumstances of the collusion must be alleged, in order to enable the adverse holder of the property to meet the allegation. Such is not the case here. The petition admits the ownership of McGregor, but alleges that petitioner made certain advances, with the understanding with McGregor, that they should be considered a part of the price to be paid for the vessel, and because the vessel was libelled and seized at an American port for materials and supplies, and because the owner was unable to make any defense, or pay the claims, therefore there must have been fraud and collusion between the master and owner on the one part, and the purchaser on the other. Cameron, was not known as an owner of this vessel at the time these proceedings were had. He was not entitled to notice, except as all the world is entitled. The master was the owner of record, and actually in command at the time she was seized. If Cameron had been sole or part owner, notice to McGregor would have been notice to him. Even if he had had a maritime lien for his advances, such claim would have had no precedence over claims for materials and supplies. But it does not appear that he had such lien. Assuming the allegations of the petition to be true, he was a creditor

not of the vessel, but of its master and owner—in personam, not in rem.

In the case cited by the proctor for petitioner, the owner of a vessel caused her to be sold in admiralty, and bid her in himself, having obtained a decree of condemnation for the sole purpose of defrauding lien holders. In this case, however, Cameron does not deny that the claims which have passed to a decree are just and honest debts, with the single exception of that of Van Every & Rumball, and as to this, he does not deny the existence of the debt, but merely doubts the accuracy of the amount claimed. Yet, if he had been the actual owner, and McGregor had not been, they were equally valid against the vessel, and there was no fraud in McGregor conceding their justice, and not resisting their payment. As already stated, I am satisfied the exceptions are well taken, and even if there were doubt, in a technical point of view, I would hesitate long before granting the prayer of the petitioner, or consenting to any further delay in the determination of the case. The tactics of the petitioner are altogether inexcusable. He knew the facts on the 3d of January, when he filed his petition for the remnants, as well as upon the 16th of February, when he filed his present petition. He first sought the registry for relief. Had his claim been just, it would have been decreed to the full amount of the surplus proceeds, and if his claim be a just one, he is not now remediless. Petition denied.